**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ROGER A. BRIGALIA, SR.**                                            **CIVIL ACTION**

**VERSUS**                                                                     **NO. 18-820**

**LANCER INSURANCE COMPANY,**
**JOHNNIE KYLES,**
**TITUS TRANSPORTATION, INC., AND**
**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**

## NOTICE AND ORDER

Before the Court is a Notice of Removal filed by Defendants Lancer Insurance Company ("Lancer") and Johnny Kyles ("Kyles").[1] Defendant State Farm Mutual Automobile Insurance Company ("State Farm") consents to the removal.[2] Lancer and Kyles contend that Defendant Titus Transportation, Inc. ("Titus") has not yet been served, but once it is served, it will be represented by counsel for Lancer and Kyles and consents to the removal.[3] Lancer and Kyles removed this matter, which involves a motor vehicle accident that occurred in East Baton Rouge Parish, Louisiana between Plaintiff Roger Brigalia, Sr. ("Plaintiff") and Kyles, from the Nineteenth Judicial District Court on September 6, 2018.[4] Lancer and Kyles assert that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] The Notice of Removal makes the following allegations regarding the citizenship of the parties:

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] R. Doc. 1, ¶ 4.
[4] R. Doc. 1, R. Doc. 1-2, p. 4.
[5] R. Doc. 1, ¶ 10.

4.

Titus Transportation, Inc. ("Titus"), a Mississippi Corporation, has not yet been served. Should Titus be served, the undersigned counsel will be representing it. Titus consents to this removal.

…

6.

As set forth in the Petition for Damages, plaintiff is domiciled in the Parish of Iberville, State of Louisiana.

7.

Defendant, Lancer Insurance Company ("Lancer"), is a company existing and organized under the laws of Illinois, with its principal place of business in New York. At all relevant times, Lancer has been a corporate citizen of the State of Illinois.

8.

Johnny Kyles is a citizen of the State of Mississippi.

9.

State Farm Mutual Automobile Insurance Company ("State Farm") is a foreign insurer existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.[6]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction under 28 U.S.C. §1332. In the Notice of Removal, citizenship appears to have been adequately alleged as to Defendants Lancer, Kyles, and State Farm, and the amount in controversy appears to be met.[7] However, Lancer and Kyles incorrectly state that the Petition for Damages ("Petition") "set[s] forth" that Plaintiff is "domiciled" in the Parish of Iberville, State of Louisiana. In fact, the Petition alleges that Plaintiff is a "resident…of the Parish of Iberville, State of Louisiana."[8] Allegations of residency are insufficient to establish citizenship.

---

[6] R. Doc. 1, ¶¶ 4, 6-9.
[7] R. Doc. 1, ¶¶ 12-13 and R. Doc. 1-7 (Plaintiff's August 10, 2018 settlement demand of $200,000).
[8] R. Doc. 1-2, introductory paragraph.

Accordingly, Defendants must file an amended Notice of Removal, as ordered below, that provides a sufficient allegation regarding Plaintiff's citizenship.

Additionally, citizenship has not been adequately pled as to Defendant Titus, who is alleged to be Kyles's employer, either in the Notice of Removal or the state court pleadings attached thereto.[9] As set forth above, the Notice of Removal merely asserts that Titus is "a Mississippi Corporation."[10] For purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c). Removing Defendants Lancer and Kyle must properly identify the citizenship of Defendant Titus, *i.e.*, place of incorporation and principal place of business.[11]

---

[9] R. Doc. 1-2, ¶ 9. Lancer and Kyles aver that Titus has not yet been served. R. Doc. 1, ¶ 4. The state court record reflects that Plaintiff requested service on Titus via the Louisiana Long-Arm Statute. R. Doc. 1-2, p. 21.

[10] R. Doc. 1, ¶ 4.

[11] The Fifth Circuit has held that "non-diverse citizenship cannot be ignored simply because [the defendant is] an unserved defendant." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). "A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id.* (collecting cases). *See also*, *Porter v. Loney*, Civil Action No. 16-100, 2017 WL 9485598, at * 4 (M.D. La. May 18, 2017) ("To be clear, '[t]he United States Supreme Court has held that the citizenship of all defendants, whether served with process or not, is to be considered when determining whether complete diversity exists in a removed lawsuit.'") (citing *In re Norplant Contraceptive Products Liability Litigation*, 889 F.Supp. 271, 273 (E.D. Tex. 1995) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939)); *Aydell v. Sterns*, 677 F. Supp. 877, 879 (M.D. La. 1988) ("We begin by recognizing that the simple fact that a resident [and non-diverse] defendant has not yet been served does not, in and of itself, entitle a non-resident [and diverse] defendant to remove.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Lancer Insurance Company and Johnny Kyles shall have seven (7) days from the date of this Order to file a comprehensive amended Notice of Removal, without further leave of Court, that includes all of Defendants' numbered allegations, as revised, supplemented, and/or amended, that properly sets forth the citizenship particulars required to establish that the Court has diversity jurisdiction over the case.

Signed in Baton Rouge, Louisiana, on September 12, 2018.

                                          **ERIN WILDER-DOOMES**
                                          **UNITED STATES MAGISTRATE JUDGE**